# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY P. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 07523 |
| | ) | |
| COOK COUNTY SHERIFF'S OFFICE; | ) | Judge John J. Tharp, Jr. |
| TOM DART, in his official capacity as | ) | |
| Sheriff of Cook County; CERMAK | ) | |
| MENTAL HEALTH SERVICES | ) | |
| DEPARTMENT OF COOK COUNTY | ) | |
| JAIL; DR. NNEKA JONES TAPIA, in | ) | |
| her official capacity as Executive | ) | |
| Director of the Cook County Department | ) | |
| of Corrections; DR. JOHN JAY | ) | |
| SHANNON, in his official capacity as | ) | |
| CEO of Cook County Health and | ) | |
| Hospital Systems, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the Statement below, the Court grants defendant John Jay Shannon's motion to dismiss. The Court dismisses defendants Shannon and Cermak Mental Health Services Department from this case. In addition, the Court dismisses Count I of the amended complaint. The Court orders that Cook County be joined as a necessary party and defendant in this case under Rule 19(a)(2). Plaintiff is directed to file an amended complaint consistent with this Order by May 25, 2018. The parties are directed to contact the assigned Magistrate Judge to set a discovery status hearing per her order of 3/22/2017 [42].

## STATEMENT

In his amended complaint, Anthony P. Johnson sues the Cook County Sheriff's Office; Tom Dart, in his official capacity as Sheriff of Cook County; Cermak Mental Health Services Department of Cook County Jail; Dr. Nneka Jones Tapia, in her official capacity as Executive Director of the Cook County Department of Corrections; and Dr. John Jay Shannon, in his official capacity as CEO of Cook County Health and Hospital Systems. Johnson alleges that during his seven-month stay in the Cook County Jail, his Fourteenth and Eighth Amendment rights were violated by the defendants' deliberate indifference to his serious medical needs and adverse living conditions. Shannon moves to dismiss Johnson's claim against him under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

When considering a motion to dismiss, the court accepts as true all well-pleaded facts in the plaintiff's complaint. *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289-90 (7th Cir. 2016). In March 2016, Johnson voluntarily submitted himself to the custody of the Cook County Jail to receive short-term treatment for alcoholism. During his time at the Cook County Jail, Johnson was subjected to inadequate medical care and unsanitary living conditions. For several months, Johnson was not provided with the alcoholism treatment (referred to as "WestCare treatment" in the amended complaint) that he was supposed to receive pursuant to a court order. While he was incarcerated, Johnson contracted at least three serious infections. The doctors and nurses who treated Johnson did not perform enough tests or provide him with sufficient treatment and follow-up care. On more than one occasion, Cook County Jail officers ignored Johnson's requests for cleaning or sanitation supplies and services. After Johnson contracted lice and scabies, the jail staff refused, on several occasions, to provide Johnson with a clean uniform and clean bedding, as prescribed by Johnson's doctors. The living conditions at the jail were so unsanitary that Johnson was denied a healthy and habitable environment.

Shannon argues that the claims against him should be dismissed because he is an improper party to the lawsuit. He further argues that even if the Court finds he is not an improper party, Johnson has not sufficiently alleged an unconstitutional custom, policy, or practice, as required under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). Shannon also moves to dismiss count I of the complaint because the Eighth Amendment does not apply to pretrial detainees such as Johnson. In addition, Shannon argues that Cermak Mental Health Services is not a proper defendant.

Johnson has sued Shannon "in his official capacity" as the CEO of the Cook County Health and Hospital Systems ("CCHHS"). Because "actions against individual defendants in their official capacities are treated as suits brought against the government entity itself," *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008), Shannon argues that Johnson should have sued Cook County instead of Shannon. Dismissal of Johnson's claim, though, is not warranted on this basis. Official-capacity suits are "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Therefore, when a plaintiff sues a government employee in his official capacity, courts construe the claim as one against the government entity itself and allow the action to proceed as if the entity was the named defendant. *See, e.g.*, *Hampton v. Hart*, 09 C 6269, 2011 WL 2837407, at *6 (N.D. Ill. July 18, 2011); *Williams v. Patel*, No. 11 C 9193, 2013 WL 6019543, at *6 (N.D. Ill. Nov. 13, 2013). Even where the employee works for a non-suable entity, such as CCHHS[1], the claim is considered to be against the suable entity that oversees the non-suable entity. *Morton v. Dart*, No. 16-cv-5057, 2017 WL 4785925, at *4 (N.D. Ill. Oct. 23, 2017). Johnson's claims against Shannon, therefore, are treated as claims against Cook County. *See Aleman v. Dart*, No. 09-cv-

---

[1] District courts have held that because CCHHS has no legal existence separate and apart from the County of Cook, it cannot be sued. *E.g.*, *Serv. Emps. Int'l Union, Local 73, on behalf of Condon v. County of Cook*, 13 CV 2935, 2014 WL 793114, at *4 (N.D. Ill. Feb. 26, 2014); *Miller v. Dart*, No. 14 C 1407, 2015 WL 6407458, at *2 (N.D. Ill. Oct. 21, 2015); *Haynes v. Dart*, No. 08 C 4834, 2009 WL 590684, at *3 (N.D. Ill. Mar. 6, 2009).

6049, 2010 WL 4876720, at *7 (N.D. Ill. Nov. 23, 2010) (ruling that the plaintiff's claims against officers of Cermak Health Services[2] in their official capacities were claims against Cook County); *Hampton*, 2011 WL 2837407, at *6 (same).

Because Johnson's official-capacity claim against Shannon is a claim against Cook County, Johnson must allege that his constitutional injuries were caused by a policy or custom of the county. *See Monell*, 436 U.S. at 694. A governmental entity cannot be held liable for the unconstitutional acts of its employees merely based on a theory of respondeat superior. *Id.* at 691. Instead, liability must be established through the existence of (1) an official policy adopted and promulgated by the officers of the governmental body; (2) an unofficial governmental practice or custom that is widespread and well settled; or (3) an act by an official with final policy-making authority. *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). Here, Johnson alleges that Cook County is responsible for his constitutional injuries because they were caused by "systematic failures of the Cook County Jail" that were "not localized specifically to" Johnson or a particular tier or division. Am. Compl. ¶ 62, ECF No. 14. Johnson does not allege that the "systematic failures" were an official policy or an act by an official with final policy-making authority. The Court, therefore, construes his claim as one alleging the existence of an unofficial, widespread practice or custom.

*Monell* claims are not subject to a heightened pleading standard. *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). "To survive a motion to dismiss, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.*, 550 U.S. at 555. At a minimum, the plaintiff must plead enough facts "to present a story that holds together." *Catinella v. County of Cook, Illinois*, 881 F.3d 514, 517 (7th Cir. 2018). When considering a motion to dismiss, the court construes the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *Berger*, 843 F.3d at 289-90 (7th Cir. 2016).

Accordingly, Johnson must plead factual content that allows the Court to plausibly infer that Cook County had a widespread, unofficial policy, practice, or custom that deprived him of his constitutional rights. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). The complaint must allege that the policy or custom was "the moving force" behind the constitutional violation. *Estate of Sims ex rel. Sims*, 506 F.3d at 514. Bare assertions that such policies existed, without more, will not suffice. *See McCauley*, 671 F.3d at 617-18. The Seventh Circuit has not adopted any bright-line rules defining a "widespread custom or practice" and there is no consensus as to how frequently such conduct must occur to impose *Monell* liability, except that it must occur more than once, or even three times. *Thomas*, 604 F.3d at 303. In other words, a

---

[2] Cermak Health Services is a subdivision of CCHHS. Def.'s Mot. to Dismiss 3, ECF No. 39.

widespread practice cannot be demonstrated by an isolated incident. *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). The gravamen of a *Monell* claim "is not individual misconduct" by certain employees, but "a *widespread practice* that permeates a critical mass of an institutional body." *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015) (emphasis in original). At the pleading stage, however, a plaintiff is not necessarily required "to identify every other or even one other individual," besides himself, who has been injured as a result of the alleged widespread practice for the *Monell* claim to survive a motion to dismiss. *See, e.g.*, *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016) (City's use of standardized form suggested common practice).

In support of his *Monell* claim, Johnson cites to declarations from seven other Cook County Jail inmates, which are attached to his amended complaint. Am. Compl. ¶ 62, Ex. Aj, ECF No. 14. The declarations describe unsanitary cell conditions, other incidents of lice, MRSA and staph infections, and inaction by Cook County Jail officers in response to detainees' medical requests. *Id.*, Ex. Aj. The amended complaint also alleges that other detainees experienced lice or scabies symptoms and were ignored by Cook County Jail officers for days or weeks before receiving treatment.

Shannon argues that he cannot be held liable for Johnson's *Monell* claim of "systematic failures" in the Cook County Jail because the Cook County Sheriff's Office maintains the jail, not the CCHHS or Cook County more generally. Under Illinois law, the county sheriff is exclusively charged with the "custody and care of the county jail." *Conwell v. Cook County*, No. 12 C 10062, 2015 WL 4973086, at *4 (N.D. Ill. Aug. 18, 2015) (citing 55 ILL. COMP. STAT. 5/3-6017; *Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill. 1994)). Policies concerning jail operations "are solely under the supervision of the Sheriff." *DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 976 (7th Cir. 2000). *See also, e.g.*, *Conwell*, 2015 WL 4973086 at *4 (holding that the Sheriff's Office, not Cook County, is responsible for implementing the policies and procedures of the Cook County Jail) (collecting cases). Furthermore, the sheriff is not in an employment relationship with the county because he is an independently elected county officer and the county has no authority to control the office of the sheriff. *Id.* (citing *Moy*, 640 N.E.2d at 929). Courts, therefore, "have consistently held that an Illinois county cannot be held liable for a *Monell* claim based on policies or procedures implemented at a county jail." *Horton v. Guzman*, 16 C 741, 2017 WL 1233028, at *5 (N.D. Ill. Apr. 4, 2017) (collecting cases).

To the extent that Johnson's allegations regarding *Monell* liability relate to the practices of the Cook County Jail and the actions of its officers, it is clear that Cook County cannot be held liable for such conduct. *See, e.g.*, *Horton*, 2017 WL 1233028, at *5. While the County is responsible for providing medical care to Cook County Jail detainees, *see Harrison v. County of Cook*, No 08 C 3202, 2011 WL 4036115, at *8 (N.D. Ill. Sept. 12, 2011), Johnson's *Monell* allegations do not refer to the medical care provided by Cook County employees. *See* Am. Compl. ¶ 62, Ex. Aj, ECF No. 14. Instead, the declarations attached to his complaint in support of his *Monell* claim discuss unsanitary cell conditions, additional examples of detainees who suffered from certain infections, and inaction by Cook County Jail officers in response to detainees' medical requests. These factual allegations targeting the Sheriff's employees do not support the existence of a widespread policy, practice, or systematic failure by Cook County related to its medical care for detainees at the Cook County Jail.

Johnson's allegations that he was subjected to inadequate medical care by various nurses and doctors during his stay in the Cook County Jail are also insufficient to state a plausible *Monell* claim against the County. The amended complaint does not contain any factual allegations regarding the medical care received by other detainees. The Court, therefore, cannot plausibly infer, based on the experiences of one detainee alone, that such conduct was the result of systematic failures or a widespread practice by the County. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (holding that the specific actions of government employees in the plaintiff's case alone, without more, did not create the reasonable inference that a widespread practice existed). Although the Seventh Circuit held in *White* that the plaintiff in that case was not required to identify in his complaint other individuals who were injured by the alleged practices of the defendant city, the Court found other factual content in that case supported the plaintiff's *Monell* claim that a widespread practice existed. 829 F.3d at 844. Specifically, the Court found that the existence of a standardized form used by the defendant's police department, in combination with the plaintiff's individual experience, was sufficient to satisfy the requirements of Rule 8(a)(2). *Id.* Here, however, no such additional factual content exists.

Johnson, therefore, has not stated a plausible *Monell* claim against Cook County and Defendant Shannon is dismissed from the case. Under Illinois law, however, Cook County is required to pay a judgment entered against a sheriff in his official capacity. *Carver v. Sheriff of LaSalle County, Illinois*, 324 F.3d 947, 947-48 (7th Cir. 2003). Accordingly, Cook County is a necessary party in any suit seeking damages from an independently elected officer, such as the sheriff, in an official capacity. *Id.* ("Because state law requires the county to pay, federal law deems it an indispensable party to the litigation."). Under Rule 19(a), where joinder of a required party is feasible, "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). *See also Askew v. Sheriff of Cook Cty., III*, 568 F.3d 632, 637 (7th Cir. 2009) ("Rule 19 requires that once a court determines that a party is a required party and it is feasible for that party to be joined, the court 'must order that the person be made a party.'"). In *Askew*, the Seventh Circuit held that where a plaintiff has sued the Cook County Sheriff in his official capacity, Cook County meets the requirements of Rule 19(a), and a court should order that Cook County be made a party in the case. *Id.* The Court, therefore, directs that Cook County be joined to this lawsuit as a defendant under Rule 19(a)(2). *See id.; Morton v. Dart*, No. 16-cv-5057, 2017 WL 4785925, at *5 (N.D. Ill. Oct. 23, 2017) (ordering that Cook County be joined as a defendant under Rules 19(a) and 21 because it is a necessary party in a case seeking damages from the sheriff); *Wagner v. Evans*, No. 15-cv-6165, 2016 WL 397444, at *2 (N.D. Ill. Feb. 2, 2016) (same). *See also Riley v. County of Cook*, 682 F. Supp. 2d 856, 860-61 (N.D. Ill. 2010) (holding that although Cook County could not be held liable for the acts of officials at the Cook County Jail, it could not be dismissed entirely from the suit because it had a duty to indemnify any official capacity claims against the Sheriff's Office); *Conwell*, 2015 WL 4973086 at *4-5 (same); *Hildreth v. Cook County*, No. 08 C 3506, 2010 WL 1656810, at *5 (N.D. Ill. Apr. 23, 2010) (holding that because the plaintiff pleaded claims against the county sheriff in his official capacity, and the county is obligated to pay a judgment entered against the sheriff in his official capacity, the county is an indispensable party to the lawsuit and should not be dismissed).

Resolving two other minor issues raised in Shannon's motion to dismiss will help further clarify the pleadings. Although the Court acknowledges that the plaintiff is not required to plead legal theories in the complaint, it is pellucid that as a pretrial detainee, Johnson cannot bring a claim for deliberate indifference to his serious medical needs under the Eighth Amendment. In

Count II, Johnson alleges an identical claim under the Fourteenth Amendment, which does apply to pretrial detainees. *See Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003). Accordingly, Count One of the complaint is dismissed.

Second, Shannon's motion to dismiss also asserts that Cermak Mental Health Services Department is an improper defendant. According to Shannon, "Cermak Mental Health Services" is not a real entity. Def.'s Mot. to Dismiss 3, ECF No. 39. Shannon argues that Cermak Health Services is a subdivision of the CCHHS, which is a department of Cook County, and neither Cermak nor CCHHS are suable entities separate from Cook County. Johnson does not respond to this argument, and Johnson has not filed a proof of service for defendant Cermak Mental Health Services Department. Several courts have held that Cermak Health Services and CCHHS are not suable entities. *See supra* at 2 n.1. The Court, therefore, dismisses Cermak Mental Health Services Department, along with Shannon, from the case.

Date: May 14, 2018

John J. Tharp, Jr.
United States District Judge